prospective customers that if they entered into any agreement with the plaintiff to process eggs for them or had any business dealings or relations with the plaintiff whatsoever, the defendants would institute legal action against such dealers and enjoin the plaintiff from carrying out any such contracts and from sterilizing or processing any eggs for such dealers and claimed and represented to such dealers that the plaintiff was infringing a patent or patents owned by the defendant, Clairemont Sterilized Egg Company, and falsely and wrongfully stated and represented to such dealers that the process employed by the plaintiff was of no value and that by its use the eggs so treated would be inevitably spoiled, and that the liquid so used by the plaintiff in such process was injurious to the eggs and would spoil them, all of which statements and representations, to defendant's knowledge, were false and untrue.

*Edward E. Hoenig* for appellant.

*Benjamin E. Messler* for respondent.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

DANIEL V. ARTHUR, Respondent, *v.* HARRY H. FRAZEE, Appellant.

*Joint ownership — evidence — action to recover proportionate share of net profits — parol evidence as to terms of contract — conclusions.*

Arthur v. Frazee, 214 App. Div. 776, affirmed.

(Argued January 18, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1925, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover a proportion of the net profits of a certain play of which, it was alleged, plaintiff and defendant were joint owners. The only questions on appeal were whether the admission of certain testimony given by the plaintiff,

respondent, violated the parol evidence rule, and whether certain testimony given by the plaintiff was testimony as to a conclusion of fact and usurped the function of the jury.

*Jacob I. Goodstein* for appellant.

*Benjamin Pepper* and *M. L. Malevinsky* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., MCLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: POUND and LEHMAN, JJ. Absent: CARDOZO, J.

---

In the Matter of the Claim of ANTHONY SWIHURA against ALEXANDER HOROWITZ, Respondent.

STATE INDUSTRIAL BOARD, Appellant.

*Workmen's compensation — master and servant — claim dismissed when at time of accident claimant was engaged in an illegal employment.*

*Swihura* v. *Horowitz*, 215 App. Div. 740, affirmed.

(Argued January 19, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 10, 1925, reversing an award of the State Industrial Board, made under the Workmen's Compensation Law, and dismissing the claim. Claimant testified that he was employed by defendant to deliver barrels and cases containing liquor and beer and that while riding in an automobile in the performance of his duties he was injured. The Appellate Division dismissed the claim on the ground that it appeared by claimant's own testimony that at the time of the accident he was engaged in an illegal employment.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for appellant.

*Sydney D. Robins* and *Samuel W. Levine* for respondent.

Order affirmed, with costs against State Industrial Board; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.